THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG LLP** | CASE NO. 2:24-cv-02490-PD |
| *Plaintiff*, | |
| vs. | |
| **ALLIED WORLD INSURANCE COMPANY** | |
| *Defendant*. | |

## JOINT STATUS REPORT PURSUANT TO RULE 26(f)

Caption: *Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP v. Allied World Insurance Company*, United States District Court, Eastern District of Pennsylvania Civil Action No. 2:24-cv-02490

Civil Action No.: 2:24-cv-02490-PD

Basis of Jurisdiction: Diversity (upon Removal)

Jury Trial: YES     Non-Jury Trial: _____     Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference:     Louis A. Bové, Esq., Bodell Bove, LLC

Defendants counsel participating in the Rule 16 Conference:     Jerry A. Cuomo, Esq.
Landman Corsi Ballaine & Ford P.C.

Do counsel have full authority to settle at Rule 16 Conference?   Yes.

If not, client with such authority who will attend conference:  An Allied World representative also plans to attend (Adam Keating)

When did the parties hold the Rule 26 Conference?  July 9, 2024

When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?

Plaintiff: July 3, 2024, supplemented July 5, 2024

Defendant: July 9, 2024.

Does either side expect to file a case-dispositive motion?   Yes  (yes/no)

If yes, under what Rule:

Plaintiff:         Potentially, Rule 12(c) and, if necessary, Rule 56

Defendant:     Potentially, Rule 12(c) and, if necessary, Rule 56.

If yes, specify the issue

Plaintiff:     Fed.R.Civ.P. 12(c): Breach of contract (duty to defend, duty to indemnify); Estoppel, Unreasonable Denial of Insurance Benefits under 42 Pa.C.S. § 8371

Fed.R.Civ.P. 56 (if necessary): Breach of contract (duty to defend, duty to indemnify); Estoppel, Unreasonable Denial of Insurance Benefits under 42 Pa.C.S. § 8371

Defendant:     Fed. R. Civ. P. 12(c): (1) The extent and scope of Allied's duty to defend and duty to indemnify (including the allocation of the Firm's settlement for which it seeks coverage under its policy with Allied); (2) that Plaintiff's claim for bad faith and punitive damages fails as a matter of law; and (3) estoppel theory is not applicable.

Fed. R. Civ. P. 56: (1) The extent and scope of Allied's duty to defend and duty to indemnify (including the allocation of the Firm's settlement for which it seeks coverage under its policy with Allied); (2) that Plaintiff's claim for bad faith and punitive damages fails as a matter of law; and (3) estoppel theory is not applicable.

Proposed deadline for filing dispositive motions:

Plaintiff & Def.:  Potential Fed.R.Civ.P. 12(c): Thirty (30) Days following Rule 16 Preliminary Pretrial Conference

Fed.R.Civ.P. 56 (if necessary): Thirty (30) Days following close of all discovery

Does either side anticipate the use of experts?  Yes

If yes, what is the proposed deadline for expert discovery?  December 31, 2024

Approximate date case should be trial-ready:  April 1, 2025

Time for Plaintiff's case: 4 days.     Time for Defendant's case: 4 days

Is a settlement conference likely to be helpful? Yes     If so, when:

Early Yes (yes/no)     After Discovery Yes (yes/no)

Do the parties wish to proceed before a Magistrate Judge for final disposition?  No.

Plan for Discovery:

1. The parties anticipate that discovery should be completed within 150 days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to?  90 Days

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?  Yes

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan:

> The parties will submit a form of proposed protective order and claw back agreement/order.

5. If you contend the discovery period to exceed 90 days, please state reason:

> The parties anticipate voluminous paper and ESI discovery.  Plaintiff will seek discovery on claims handling, underwriting, regulatory submissions, policies and procedures in handling and adjustment of professional liability claims, Defendant Allied World's assets, other claims, other lawsuits, reserves and reinsurance.  Defendant Allied World intends to object to the scope of some of those discovery demands, which may lead to motion practice before the Court on discovery issues.  The parties anticipate up to ten (10) depositions per side, followed by expert reports and expert depositions on bad faith issues and issues related to the reasonableness of Plaintiff's defense costs for which it is seeking reimbursement from Defendant Allied World.

6. Do the parties anticipate the need to subpoena any third parties?  Yes

If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Louis A. Bové<br>Louis A. Bové, Esquire<br>PA Bar I.D. No. 53071<br>Bodell Bove, LLC<br>1845 Walnut Street, 11th Fl., Suite 1100<br>Philadelphia, PA 19103<br>Tel: (215) 864-6600<br>Facsimile: (215) 864-6610<br>lbove@bodellbove.com<br><br>*Attorneys for Plaintiffs,*<br>*Feldman Shepherd Wohlgelernter Tanner*<br>*Weinstock & Dodig, LLP* | By: /s/ Jerry A. Cuomo<br>Jerry A. Cuomo, Esq.<br>Landman Corsi Ballaine & Ford P.C.<br>One Gateway Center, 22nd Floor<br>Newark, NJ 07102<br>Tel: 973-623-2700<br>JCuomo@lcbf.com<br><br>and<br><br>Abbey J. Luffey, Esq.<br>Landman Corsi Ballaine & Ford P.C.<br>1617 JFK Boulevard, Suite 955<br>Philadelphia, PA 19103<br><br>*Attorneys for Defendant,*<br>*Allied World Insurance Company* |

Date: July 11, 2024