IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELDMAN SHEPHERD** | : | |
| **WOHLGELERNTER TANNER** | : | **CIVIL ACTION** |
| **WEINSTOCK & DODIG, LLP** | : | **NO. 24-2490** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **ALLIED WORLD INSURANCE** | : | |
| **COMPANY** | : | |
| *Defendant.* | : | |

## ORDER

AND NOW, this 12th day of August 2024, upon consideration of the Joint Motion of Plaintiff Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig LLP and Defendant Allied World Insurance Company for the Entry of a Confidentiality Agreement and Protective Order (ECF 23), it is **ORDERED** that the Motion is **GRANTED** and the parties' proposed Confidentiality Agreement and Protective Order (ECF 23-1) is **APPROVED**. Consistent with Federal Rule of Civil Procedure 26(c), the Court finds that:

1. The documents and materials which may be marked as "Confidential" under the Confidentiality Agreement and Protective Order fall within one or more of the following categories: (a) information subject to a preexisting confidentiality agreement in the prior pending civil action styled *Sheila Peterson, as administratrix of the Estate of Brandon C. Peterson, deceased, and in her own right v. Murrow's Transfer, Inc. et al.*, United States District Court, Western District of Pennsylvania No. 2:23-cv-00136-CCW; (b) information prohibited from disclosure by statute; (c) information or communications that reveal trade secrets or proprietary business information; (d) information or communications subject to third party confidentiality or non-waiver agreements; (e) research, technical, commercial or financial information that the party has maintained as confidential; (f) privileged communications and

       documents containing privileged information, (g) medical information concerning any individual; (h) personal identity information; (i) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (j) attorneys' fee invoices and litigation expense invoices; or (k) personnel or employment records of a person (collectively, "Confidential Information"); and

2. The Court's Approval and Entry of the Confidentiality Agreement and Protective Order is supported by good cause insofar as (a) the disclosure of Confidential Information beyond this litigation would likely violate or at a minimum impair privacy interests and cause a party (and non-party) embarrassment, and otherwise invade or potentially waive applicable privileges; (b) the proposed limitation on disclosure of Confidential Information is being sought for a legitimate purpose, not an improper purpose; (c) the Confidential Information sought to be protected from disclosure beyond this litigation is not information important to public health and safety; (d) the sharing of Confidential Information among litigants will promote fairness and efficiency; (e) no one benefitting from the Confidentiality Agreement and Protective Order is a public entity or official; and (f) this matter does not involve issues important to the public; and therefore the Court concludes that the private interests in nondisclosure outweigh the public interests in disclosure.

3. The Confidentiality Agreement and Protective Order recognizes the Court reserves its inherent power to modify the terms of the Order and permit the disclosure of information where the interest of justice so requires at any time.

                                       **BY THE COURT:**

                            **HON. JOSÉ RAÚL ARTEAGA**
                            *United States Magistrate Judge*
                            *Eastern District of Pennsylvania*